1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11

12  HAI M. NGUYEN,

13              Plaintiff,              CIV. S-03-1395 PAN

14         v.

15  JO ANNE B. BARNHART,                    ORDER
    Commissioner of Social
16  Security,

17              Defendant.

18                       —o○o—

19          On July 1, 2003, plaintiff, through her counsel, Eugenie

20  Mitchell, filed a complaint seeking review of a final decision of

21  the Commissioner of Social Security denying plaintiff's

22  application for disability benefits.  On October 9, 2003, the

23  court approved the parties' stipulation remanding this case to

24  the Commissioner pursuant to sentence six of 42 U.S.C. 405(g) for

25  completion of the record.

26          On March 1, 2004, the Commissioner wrote to plaintiff's

counsel noting the inclusion of twenty additional documents in the final administrative record and according counsel thirty days within which to review the record and request a supplemental hearing before an administrative law judge.

On September 3, 2004, in the absence of a response from plaintiff's counsel, the Commissioner filed and served its answer after remand and a copy of the administrative transcript.  Also on September 3, plaintiff's law partner, Bess Brewer, signed a stipulation with the Commissioner redacting one page from the administrative transcript.

The scheduling order issued July 1, 2003, directed plaintiff to file and serve a motion for summary judgment within 60 days after the filing of defendant's answer or, based on these facts, by November 2, 2004.

On March 21, 2005, I ordered plaintiff, through her counsel, to show cause in writing within 11 days why this action should not be dismissed for failure timely to file and serve a motion for summary judgment.  Plaintiff has not responded to the court's order.

Fed. R. Civ. P. 41(b) allows dismissal for "failure of the plaintiff to prosecute or to comply with these rules or any order of court . . ."  A federal district court has the inherent power to dismiss a case *sua sponte* under Rule 41(b).  Link v. Wabash R. Co., 370 U.S. 626, 630-32 (1962).  Dismissal is also authorized by Fed. R. Civ. P.  16(f) (dismissal appropriate "[i]f a party . . . fails to obey a scheduling order or pretrial

order"); and E. D. Cal. L. R. 11-110 ("Failure of . . . a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the court").

These rules compel dismissal of this action.  In addition, the court has reviewed the administrative law judge's decision in light of the subsequently filed documents (only one of the twenty new documents includes medical records (see Tr. 2-4, 224-252)), and concludes the administrative law judge has applied the appropriate legal standards and his factual findings are supported by substantial evidence (see Orteza v. Shalala, 50 F.3d 748 (9th Cir. 1995).  Dismissal of this action will not be prejudicial to plaintiff.

Accordingly, this action is hereby dismissed.

So ordered.

Dated:  July 6, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge