UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HAI M. NGUYEN,

        Plaintiff,                  CIV. S-03-1395 PAN

    v.

JO ANNE B. BARNHART,                    ORDER
Commissioner of Social
Security,

        Defendant.

—oOo—

      On July 1, 2003, plaintiff, through her counsel, Eugenie Mitchell, filed a complaint seeking review of a final decision of the Commissioner of Social Security denying plaintiff's application for disability benefits. On October 9, 2003, the court approved the parties' stipulation remanding this case to the Commissioner pursuant to sentence six of 42 U.S.C. 405(g) for completion of the record.

      On March 1, 2004, the Commissioner wrote to plaintiff's

counsel noting the inclusion of twenty additional documents in the final administrative record and according counsel thirty days within which to review the record and request a supplemental hearing before an administrative law judge.

On September 3, 2004, in the absence of a response from plaintiff's counsel, the Commissioner filed and served its answer after remand and a copy of the administrative transcript.  Also on September 3, plaintiff's law partner, Bess Brewer, signed a stipulation with the Commissioner redacting one page from the administrative transcript.

The scheduling order issued July 1, 2003, directed plaintiff to file and serve a motion for summary judgment within 60 days after the filing of defendant's answer or, based on these facts, by November 2, 2004.

On March 21, 2005, I ordered plaintiff, through her counsel, to show cause in writing within 11 days why this action should not be dismissed for failure timely to file and serve a motion for summary judgment.  Plaintiff has not responded to the court's order.

Fed. R. Civ. P. 41(b) allows dismissal for "failure of the plaintiff to prosecute or to comply with these rules or any order of court . . ."  A federal district court has the inherent power to dismiss a case *sua sponte* under Rule 41(b).  <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 630-32 (1962).  Dismissal is also authorized by Fed. R. Civ. P.  16(f) (dismissal appropriate "[i]f a party . . . fails to obey a scheduling order or pretrial

1  order"); and E. D. Cal. L. R. 11-110 ("Failure of . . . a party
2  to comply with these Rules or with any order of the Court may be
3  grounds for imposition by the Court of any and all sanctions
4  authorized by statute or Rule or within the inherent power of the
5  court").

6      These rules compel dismissal of this action.  In
7  addition, the court has reviewed the administrative law judge's
8  decision in light of the subsequently filed documents (only one
9  of the twenty new documents includes medical records (see Tr. 2-
10 4, 224-252)), and concludes the administrative law judge has
11 applied the appropriate legal standards and his factual findings
12 are supported by substantial evidence (see Orteza v. Shalala, 50
13 F.3d 748 (9th Cir. 1995).  Dismissal of this action will not be
14 prejudicial to plaintiff.

15     Accordingly, this action is hereby dismissed.
16     So ordered.
17     Dated:  July 6, 2005.

          /s/ Peter A. Nowinski
          PETER A. NOWINSKI
          Magistrate Judge